Alicia Raye DeGrazio, Defendant in Pro Se
Mailing address: 15471 Salisbury lane
City, State ZIP: HB. CA 92647
Telephone: 657-408-9125 Email: degraziaalicia@gmail.com

FILED
2026 OCT 21 AM 10:29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

**JORGE ALEJANDRO ROJAS,**

Plaintiff,

v.

**PACIFIC COAST SEAMLESS LLC and ALICIA RAYE DEGRAZIO,**

Defendants.

**Case No. 8:26-cv-02470-DOC-E**

**ANSWER OF DEFENDANT ALICIA RAYE DEGRAZIO, INDIVIDUALLY, TO COMPLAINT**

Defendant Alicia Raye DeGrazio ("Alicia"), appearing only on her own behalf and not on behalf of any limited liability company, answers the numbered allegations of the Complaint (Dkt. 1) pursuant to Federal Rule of Civil Procedure 8(b). References to lack of knowledge or information sufficient to form a belief constitute denials pursuant to Rule 8(b)(5). Except as expressly admitted, Alicia denies the factual allegations asserted against her individually.

## RESPONSES TO NUMBERED ALLEGATIONS

1. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

2. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

3. Alicia denies that she conducted or directed the alleged texting campaign. She lacks sufficient knowledge to admit or deny whether the texts were sent by another person or entity and therefore denies the remaining allegations.

4. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

5. Alicia admits she is located in California. She denies personally committing the alleged conduct. To the extent this paragraph states conclusions of law, no response is required; otherwise denied.

6. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

7. Alicia lacks knowledge sufficient to admit or deny Plaintiff's residence history and citizenship and therefore denies these allegations.

8. Alicia admits she formed Pacific Coast Seamless LLC and is its sole member. She lacks sufficient knowledge to admit the precise business address and registered-agent allegations as stated in the Complaint without reviewing the entity records and therefore denies those remaining allegations.

9. Alicia admits she is the sole owner/member of Pacific Coast Seamless LLC. She lacks sufficient knowledge at present to admit the specific title "CEO" as used in the Complaint and denies that any title or ownership interest establishes her personal responsibility for the text-message campaign alleged.

10. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

11. Alicia denies that any agency relationship described in this paragraph establishes that she personally directed or authorized the alleged texts. She lacks knowledge sufficient to admit the remaining allegations and therefore denies them.

12. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

13. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

14. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

15. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

16. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

17. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

18. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

19. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

20. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

21. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

22. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

23. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

24. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

25. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

26. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

27. Denied. Alicia did not direct or oversee the alleged telemarketing or select or control vendors sending texts.

28. This paragraph states a legal contention; to the extent it alleges that Alicia committed unlawful conduct, denied.

29. Denied. Alicia did not select recipients, approve scripts, manage dialing equipment or its supplier, or personally pay for the alleged texts.

30. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

31. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

32. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

33. Alicia lacks knowledge sufficient to admit Plaintiff's telephone history and denies that she personally called or texted him for solicitation. Remaining allegations denied for lack of knowledge.

34. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

35. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

36. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

37. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

38. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

39. This paragraph quotes dictionary definitions and asserts legal characterizations; no factual conduct by Alicia is admitted. To the extent it alleges that Alicia used an artificial voice or authored the messages, denied.

40. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

41. Alicia denies preparing, programming, or scheduling the alleged messages. She lacks knowledge sufficient to admit the technology or conduct of others and therefore denies the remainder.

42. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

43. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

44. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

45. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

46. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

47. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

48. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

49. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

50. Alicia lacks knowledge sufficient to admit how the alleged text messages were generated. She denies that she personally created or sent them.

51. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

52. Alicia denies sending or directing the alleged July 8 text. She lacks knowledge sufficient to admit its receipt, sender, or origin and therefore denies the remaining allegations.

53. Alicia lacks knowledge sufficient to authenticate or admit the quoted text, and therefore denies this allegation.

54. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

55. Alicia denies sending or directing the alleged August 28 text. She lacks knowledge sufficient to admit its receipt, sender, or origin and therefore denies the remaining allegations.

56. Alicia lacks knowledge sufficient to authenticate or admit the quoted text, and therefore denies this allegation.

57. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

58. Alicia did not select or operate any texting platform or direct the alleged messages. She lacks knowledge sufficient to admit the technological or third-party factual allegations and therefore denies them.

59. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

60. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

61. Alicia lacks knowledge sufficient to admit the alleged callback-number exchange and therefore denies it.

62. Alicia lacks knowledge sufficient to admit the precise contents of Plaintiff's claimed call with another person and therefore denies this allegation.

63. Alicia admits having spoken with Plaintiff by telephone. She does not recall the exact sequence, who initiated the call, or all of its contents, and therefore denies any more specific inconsistent characterization.

64. Alicia recalls referring to AI-generated leads based on her general understanding, but does not recall her exact words. She did not have personal knowledge of the technology used to generate the particular disputed text messages. She denies any allegation that she admitted personal responsibility for sending them.

65. Alicia lacks sufficient knowledge to admit that every message came from or on behalf of the same entity and therefore denies this allegation.

66. Alicia denies that she personally retained, directed, controlled, or authorized a third-party texting service. She lacks knowledge sufficient to admit other persons' arrangements and therefore denies the remaining allegations.

67. Alicia denies personally causing the alleged calls or texts and lacks knowledge sufficient to admit the technology and registration facts; remaining allegations denied.

68. Alicia lacks knowledge sufficient to admit or deny Plaintiff's previous business relationships with other persons or entities and therefore denies this allegation.

69. Denied insofar as it attributes to Alicia control of telemarketing practices or systems; she lacks knowledge sufficient to admit the remaining allegations.

70. Alicia lacks knowledge sufficient to admit whether Plaintiff consented to communications by other persons and therefore denies this allegation.

71. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

72. Denied. Alicia did not operate or direct the alleged telemarketing scheme.

73. Denied insofar as the alleged conduct is attributed to Alicia personally.

74. Denied insofar as it alleges Alicia had responsibility for marketing compliance or training. She lacks knowledge sufficient to admit the acts of other persons and therefore denies the remainder.

75. Alicia lacks knowledge sufficient to admit or deny whether Plaintiff consented to the alleged communications sent by others and therefore denies the allegation. Alicia denies that she personally placed or authorized the alleged solicitations.

76. This paragraph asserts that Defendants are not exempt from the TCPA. Alicia disputes that she personally engaged in conduct subjecting her to liability and otherwise denies any legal conclusion of liability against her.

77. Alicia denies personally placing or authorizing either alleged text and lacks knowledge sufficient to admit that others sent them as alleged; remainder denied.

78. Alicia lacks knowledge or information sufficient to form a belief about these allegations concerning Plaintiff's experience or actions and therefore denies them.

79. Denied insofar as it attributes a pattern of unlawful marketing conduct to Alicia.

80. Alicia denies that her own acts or omissions violated the TCPA. She lacks sufficient knowledge to admit or deny the alleged conduct of third parties and therefore denies the remaining allegations.

81. Denied insofar as it alleges Alicia engaged in unlawful telemarketing to obtain business.

82. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

83. Denied as to Alicia individually, including any allegation of knowing or willful violation.

84. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

85. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

86. Alicia lacks knowledge sufficient to admit the circumstances or purpose of any third-party messages. She denies personally making or directing the alleged messages and otherwise denies any assertion of liability against her.

87. Alicia lacks knowledge sufficient to admit or deny whether Plaintiff gave written consent to another person or entity to receive the alleged communications and therefore denies that allegation. Alicia denies personally transmitting or authorizing the alleged texts.

88. Denied to the extent it alleges Alicia acted to harass Plaintiff.

89. Denied insofar as it alleges unlawful, intentional, deceptive, fraudulent, or unjustified conduct by Alicia.

90. Denied insofar as it asserts individual liability or damages against Alicia.

91. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

92. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

93. Alicia denies personally transmitting, authorizing, or directing the texts. She lacks knowledge sufficient to admit the alleged acts of vendors or other persons and therefore denies the remaining allegations.

94. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

95. Denied insofar as willful or knowing wrongdoing is attributed to Alicia.

96. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

97. Denied insofar as the alleged violations are attributed to Alicia personally.

98. Alicia lacks knowledge sufficient to admit the registry status and origin of the alleged messages; she denies personally sending or directing them.

99. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

100. This paragraph primarily states legal propositions, incorporates other allegations, or requests relief. No response is required to a pure legal conclusion; to the extent a response is required or individual liability is alleged, denied.

101. Denied insofar as a willful or knowing violation is attributed to Alicia.

102. Alicia lacks sufficient knowledge to admit Plaintiff's registration history and therefore denies this allegation.

## DEFENSES

First Defense — Failure to state a claim against Alicia individually. Alicia disputes that the Complaint adequately states a basis for personal liability based upon her own conduct or a legally supported theory of agency.

Second Defense — No personal participation or causation; limited liability. Alicia is the sole member of Pacific Coast Seamless LLC. Under California Corporations Code § 17703.04, status as a member or manager does not, by itself, make her personally liable for an LLC obligation. Alicia denies personally creating, authorizing, financing, initiating, or directing the texts identified in the Complaint. She disputes that her telephone follow-up activity caused the alleged TCPA violations. She does not contend that LLC status immunizes an individual from liability for wrongful conduct in which the individual personally participates.

Third Defense — Service of process (Rule 12(b)(5)). Alicia disputes the sufficiency of service to the extent permitted by Rules 4 and 12. The return states that documents were left with a household occupant on September 30, 2026, and mailed October 1, 2026. Alicia does not assert that those facts necessarily invalidate federal residential service. This defense is raised subject to determination on the evidence and applicable law.

Fourth Defense — No knowing or willful violation. Alicia denies personally committing any knowing or willful TCPA violation and disputes enhanced damages against her individually.

## PRAYER FOR RELIEF

Alicia requests that judgment be entered in her favor on the claims asserted against her individually, that Plaintiff take nothing against her, that she recover costs if legally authorized, and that the Court grant such other relief as is proper.

Dated: 10-21-26, 2026

Signature: ______________________

Alicia Raye DeGrazio, Defendant in Pro Se